IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AARON V., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No. 2:25-cv-00545** |
| | : | **Chief Judge Sarah D. Morrison** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| **Defendant.** | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, Aaron V., brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for social security disability insurance benefits ("DIB").  This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 7), the Commissioner's Memorandum in Opposition (ECF No. 9), Plaintiff's Reply (ECF No. 10), and the administrative record (ECF No. 6).  For the reasons that follow, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's decision.

I.      PROCEDURAL HISTORY

Plaintiff applied for DIB on May 13, 2022, alleging disability as of June 10, 2021, due to Post-Traumatic Stress Disorder ("PTSD").  (ECF No. 6-5, PAGEID ##: 338–44; ECF No. 6-6, PAGEID #: 369.)  Plaintiff's application was denied initially in March 2023 and upon reconsideration in August 2023.  Plaintiff sought a *de novo* hearing before an administrative law judge.  (ECF No. 6-4, PAGEID

1

##: 331–33.)  On March 22, 2024, Plaintiff, who was represented by counsel, and a vocational expert

("VE"), appeared and testified at a hearing held by an administrative law judge (the "ALJ").  (ECF

No. 6-2, PAGEID ##: 216–41.)  On April 19, 2024, the ALJ issued a decision finding that Plaintiff

was not disabled within the meaning of the Social Security Act.  (*Id.* at PAGEID ##: 198–215.)  The

Appeals Council denied Plaintiff's request for review on March 20, 2025.  (*Id.* at PAGEID ##: 16–

21.)  Plaintiff now brings this action for review.  (ECF No. 1.)

## II.    ADMINISTRATIVE DECISION

In issuing a decision that Plaintiff was not disabled, the ALJ found that Plaintiff met the

insured status requirements of the Social Security Act through December 31, 2026.  (ECF No. 6-2,

PAGEID #: 203.)  At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff has

not engaged in substantial gainful activity since June 10, 2021, the alleged onset date.  (*Id.*)  The ALJ

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence.  *See* 20 C.F.R. §§ 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

found that Plaintiff has the severe impairment of posttraumatic stress disorder. (*Id.*) The ALJ further found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at PAGEID #: 204.)

> The ALJ then set forth Plaintiff's residual functional capacity ("RFC") as follows:
>
> [Plaintiff] has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: He can understand remember and carryout detailed but not complex instructions; occasionally interact with coworkers and supervisors where all communication is limited to the straightforward exchange of information without negotiation, persuasion, or conflict resolution, but not interact with the public; deal with occasionally changes in a routine work setting; and work in an environment with no more than a moderate noise level as defined in the Selected *Characteristics of Occupations* (SCO).

(*Id.* at PAGEID #: 206.)

At step four, the ALJ determined that Plaintiff is unable to perform his past composite job as a firefighter based on the VE testimony. (*Id.* at PAGEID #: 210.) At step five, relying on the VE's testimony, the ALJ concluded that, considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as a hospital cleaner, cleaner II, or industrial cleaner. (*Id.* at PAGEID #: 211.) The ALJ therefore concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since June 10, 2021. (*Id.* at PAGEID #: 212.)

## III.    STANDARD OF REVIEW

The Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir.

2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)); *see also Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("[I]f substantial evidence supports the ALJ's decision, this Court defers to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." (quotations omitted)); *Rabbers*, 582 F.3d at 651 ("[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices [Plaintiff] on the merits or deprives the claimant of a substantial right." (quotations omitted)).

## IV.    ANALYSIS

Plaintiff asserts two contentions of error: (1) that the ALJ omitted the state agency reviewers' limitations to superficial interactions and less-than-frequent collaboration from his residential functional capacity[2] ("RFC") without an adequate explanation for those omissions; and (2) that the ALJ insufficiently explained her evaluation of Dr. Anil Choudary Nalluri's medical opinion. (ECF No. 7, PAGEID ##: 907–14.) The Undersigned considers each contention in turn.

### A.    Plaintiff's first contention of error.

First, Plaintiff argues that the ALJ erred by omitting from his RFC the state agency reviewers' findings that he was limited to superficial interactions and less-than-frequent collaboration. (*Id.* at

---

[2] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations" "on a regular and continuing basis." 20 C.F.R. § 416.945(a)(1), (b)–(c).

PAGEID ##: 907–10.)   The Commissioner responds that the ALJ did not omit the reviewers' limitations from Plaintiff's RFC; rather, the ALJ merely re-phrased certain social limitations that she found were not vocationally relevant.  (ECF No. 9, PAGEID #: 921.)

The ALJ determines a claimant's RFC based on relevant evidence in the record, including objective medical evidence, medical opinions, other medical evidence, evidence from non-medical sources, and prior administrative medical findings.  *See* 20 C.F.R. § 404.1545(a)(1)–(5).  "Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale."  *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (citation omitted).  "Further, it may fall to the ALJ to convert and incorporate the limitations set forth in a medical opinion into vocationally relevant terms – i.e., terms that are relevant and meaningful in the DOT / SCO and/or the VE's own vocational experience – before including those limitations in a hypothetical posed to a VE."  *Paul S. v. Comm'r of Soc. Sec.*, No. 2:22-CV-4090, 2023 WL 6389428, at *4 (S.D. Ohio Oct. 2, 2023), *report and recommendation adopted*, No. 2:22-CV-4090, 2023 WL 7002734 (S.D. Ohio Oct. 24, 2023) (cleaned up) (citation omitted).  "However, if the ALJ accepts a medical opinion but does not include a restriction recommended by that expert in the RFC, the ALJ must explain why [s]he did not do so."  *Hankinson v. Comm'r of Soc. Sec.*, No. 2:18-cv-58, 2020 WL 240812, at *2 (S.D. Ohio Jan. 16, 2020).

Here, the state agency reviewers found that due to Plaintiff's social interaction limitations, he could "interact occasionally and superficially, but should not supervise or be required to resolve

conflict, provide a high level of customer service or frequently collaborate with others." (ECF No. 6-3, PAGEID ##: 254, 262.)  Neither reviewer defined the term "superficial." (*Id.*)

The ALJ found the state agency reviewers' opinions "generally persuasive"; however, the ALJ explained that she rephrased Plaintiff's RFC "in more vocational policy compliant terms." (ECF No. 6-2, PAGEID #: 209.)  The ALJ defined Plaintiff's RFC as follows:

> The claimant has the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the following non-exertional limitations: He can understand remember and carryout detailed but not complex instructions; occasionally interact with coworkers and supervisors where all communication is limited to the straightforward exchange of information without negotiation, persuasion, or conflict resolution, but not interact with the public; deal with occasionally changes in a routine work setting; and work in an environment with no more than a moderate noise level as defined in the Selected Characteristics of Occupations (SCO).

(*Id.*)

Plaintiff does not dispute how the ALJ evaluated the persuasiveness of the reviewers' findings. (ECF No. 10, PAGEID #: 934.)  Instead, Plaintiff argues that the ALJ erred by omitting the reviewers' findings that Plaintiff should be limited to superficial interactions and less-than-frequent collaboration with others. (ECF No. 7, PAGEID ##: 907–10.)

### i.      Superficial Interactions

First, Plaintiff contends that the terms "'occasional' and 'superficial' . . . are not interchangeable in that the use of one, instead of the other, does not need to be explained." (ECF No. 7, PAGEID #: 908.)   Plaintiff is correct that some district courts within the Sixth Circuit have distinguished between the terms, finding that "occasional" refers to the quantity of time spent

interacting while "superficial" refers to the quality of the interactions.[3] *See, e.g.*, *Lindsey v. Comm'r Soc. Sec.*, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018), *report and recommendation adopted*, 2019 WL 133177 (S.D. Ohio Jan. 8, 2019).

Here, the reviewers found both an "occasional" and "superficial" interaction limitation for Plaintiff. (ECF No. 6-3, PAGEID ##: 254, 262.) Thus, this is not a case like *Lindsey* where an ALJ elected to replace the term "superficial" with the term "occasional" in a plaintiff's RFC. Rather, here, the ALJ limited the Plaintiff to "occasional[]" interactions and included additional restrictions that addressed the quality of Plaintiff's interactions—specifically, that Plaintiff's interactions with co-workers and supervisors be limited to "the straightforward exchange of information without negotiation, persuasion, or conflict resolution[.]" Thus, the issue is whether the ALJ's failure to explicitly state that she was defining the phrase "superficial interactions" in vocationally relevant terms, or her thought process for doing so, requires a remand for further proceedings. The Undersigned concludes that it does not.

"[In] deciding whether the ALJ has adequately 'explained' the decision not to adopt particular phrasing from a medical opinion, this Court's review is largely constrained to whether that explanation is rational such that the Court can 'trace the path of [its] reasoning.'" *Stephen D.*, 734 F. Supp. 3d at

---

[3] There is divergent case law in this district on whether "superficial" means something different than "occasional" in the vocational context. *Compare Lindsey v. Comm'r Soc. Sec.*, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) ("The terms 'occasional' and 'superficial' are not interchangeable."), *report and recommendation adopted*, 2019 WL 133177 (S.D. Ohio Jan. 8, 2019), *with Stephen D. v. Comm'r of Soc. Sec.*, 734 F. Supp. 3d 729, 738 (S.D. Ohio 2024) (finding that the term "'occasionally' does not create a sufficient conflict with 'superficially' when applied to 'interactions,' such that the ALJ would be required to explain that change[]"). The Undersigned need not weigh in on this issue because, as explained, the Undersigned concludes that the ALJ did not replace the term "superficial interactions" with "occasional interactions" here—rather, the ALJ converted "superficial interactions" into vocationally relevant terms.

741 (citation omitted). An ALJ is "not required to recite the medical opinion of a physician verbatim in [her] residual functional capacity finding." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). Nor is she required to "to include buzz words like 'superficial interactions[.]'" *Andrea B. v. Comm'r of Soc. Sec.*, No. 3:22-CV-055, 2023 WL 128288, at *7 (S.D. Ohio Jan. 9, 2023) (collecting cases). At the same time, "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

The ALJ explained that she had re-phrased the reviewers' findings in Plaintiff's RFC "in more vocational policy compliant terms." (ECF No. 6-2, PAGEID # 209.) The ALJ's conversion of the reviewers' term "superficial interactions" into "the straightforward exchange of information without negotiation, persuasion, or conflict resolution" in Plaintiff's RFC is readily apparent from the face of the ALJ's opinion. And other courts within the district have found an ALJ has the discretion to convert the term "superficial interaction" into a qualitative interaction limit similar to the ALJ's re-phrasing here. *See, e.g.*, *Leonard F. v. Comm'r of Soc. Sec. Admin.*, No. 2:22-CV-04183, 2024 WL 469053, at *12 (S.D. Ohio Feb. 7, 2024) (finding that it was within the ALJ's discretion to define superficial social interactions as "the straightforward exchange of information, without negotiation, persuasion, or conflict resolution"), *rejected in part on other grounds*, 2024 WL 1254354 (S.D. Ohio Mar. 25, 2024); *Christine G. v. Comm'r of Soc. Sec.*, No. 2:22-CV-1969, 2023 WL 5717417, at *6–7 (S.D. Ohio Sept. 5, 2023) (finding that ALJ did not err by defining superficial interaction as "the straightforward exchange of information, without negotiation, persuasion, or conflict resolution"); *Paul S.*, 2023 WL 6389428, at *4–7 (finding that the ALJ sufficiently accounted for superficial

limitations by restricting the claimant to the straightforward exchange of information without negotiation, persuasion, conflict resolution, close teamwork, tandem work, or over the shoulder supervision).

While Plaintiff urges the Court to find that the ALJ committed reversible error by failing to explicitly state that she was defining the phrase "superficial interactions" in vocationally relevant terms, the ALJ was not required to provide a glossary in her opinion.  Rather, the ALJ need only build a logical bridge between her conclusions and the record, and she did so here.

The Undersigned finds that ALJ's decision accounted for the reviewers' limitation to superficial interactions, and that the ALJ's discussion of the reviewers' limitation findings built a logical bridge between the reviewers' findings and the ALJ's articulation of the social interaction limitations in Plaintiff's RFC.  Accordingly, Plaintiff has not demonstrated reversible error on this point.

### ii. Frequent Collaboration

Plaintiff also contends that the ALJ "failed to address [Plaintiff's] limitation in collaborating with others."  (ECF No. 7, PAGEID # 909.)  The Undersigned disagrees.

The reviewers found that Plaintiff should "not . . . frequently collaborate with others."  (ECF No. 6-3, PAGEID ##: 254, 262.)  The ALJ concluded that Plaintiff could "occasionally interact with coworkers and supervisors . . .  but not interact with the public."  (ECF No. 6-2, PAGEID # 206.)  A limitation to infrequent collaboration is inherent in the ALJ's RFC finding; Plaintiff cannot frequently collaborate with the others if he is limited to occasional interactions with co-workers and supervisors and no interactions with the public.  And, as discussed above, an ALJ is not required to recite the

reviewers' opinions verbatim in her RFC finding. *Poe*, 342 F. App'x at 157. Moreover, the ALJ's RFC precluded Plaintiff from *any* interactions with the public. In other words, the ALJ's limitation was even *more* restrictive than the reviewers' limitation to infrequent interactions with anyone.

Accordingly, Plaintiff has not demonstrated reversible error on this point.

### B. Plaintiff's second contention of error.

Plaintiff also contends that the ALJ failed to properly evaluate the medical opinions of psychiatrist and neurologist, Dr. Nalluri, under § 404.1520c(c). (ECF No. 7, PAGEID ##: 910–14.) Specifically, Plaintiff contends that the ALJ failed to adequately explain the supportability and consistency factors when evaluating the persuasiveness of Dr. Nalluri' opinion. (*Id*.) The Undersigned concludes this contention lacks merit.

An ALJ's RFC determination must be "based on all the relevant evidence" in a claimant's case record. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). The governing regulations[4] describe five categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)–(5); 416.913(a)(1)–(5). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a); 416.920c(a). Instead, an ALJ must use the following factors when considering those categories of evidence: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has

---

[4] Because Plaintiff's application was filed in 2022, it is subject to regulations governing applications filed after March 27, 2017.

familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program

s policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5).

Although there are five factors, supportability and consistency are the most important, and the ALJ

must explain how they were considered. *Id.* And even though an ALJ may discuss how he or she

evaluated the other factors, he or she is not generally required to do so. *Id*.

Here, Dr. Nalluri performed an independent medical evaluation of Plaintiff. (ECF No. 6-7,

PAGEID ##: 714–29.) The ALJ discussed it as follows:

> Dr. Nalluri's assessment is generally persuasive, as it was supported by evaluation findings and generally consistent with the above-summarized record, which documents that stress and interpersonal interactions aggravate [Plaintiff]'s condition, but that mental status exam findings have been substantially normal. However, to the extent that Dr. Nalluri['s] assessment could be construed to suggest that [Plaintiff] cannot have any contact with others, it is not persuasive, as the record documents that [Plaintiff] has had no difficulty interacting with various mental health professionals, and mental status exams routinely have described him as cooperative.

(ECF No. 6-2, PAGEID #: 210.)

As this discussion demonstrates, the ALJ determined that Dr. Nalluri's opinion was generally

persuasive except to the extent that the opinion suggested that Plaintiff could not have any interaction

with others because that finding was inconsistent with record evidence. (*Id.*) Substantial evidence

supports that determination. Plaintiff's mental health assessments demonstrate that his mental-status

examinations were generally normal, with Plaintiff consistently presenting with coherent speech, an

appropriate appearance, good eye contact, normal thought content, a cooperative demeanor, and no

difficulty interacting with his providers. (*See, e.g.*, ECF Nos. 6-7, PAGEID ##: 447–48, 459–60,

490, 554, 556, 558, 562, 564, 567, 569, 571, 573, 575, 577, 579, 581, 583, 586, 588, 590, 592, 594,

596, 598, 600, 603, 605, 607, 609, 611, 614, 616, 618, 622, 625, 627, 629, 631, 635, 637, 716-18, 745–46, 751, 755, 759, 763, 767, 775, 779, 783, 787, 791, 795, 799, 803, 807, 811, 815, 819, 823, 827, 831, 835, 839, 843, 847, 851, 855, 859, 863, 867, 871, 875, 879, 883, 887, 891.)

Plaintiff does not dispute that the record contains evidence demonstrating that he had no difficulty interacting with mental health professionals, or that he was cooperative during mental status exams. Rather, Plaintiff points to other evidence in the record that he contends supports Dr. Nalluri's opinion that Plaintiff should have no contact with others. (ECF No. 7, PAGEID ##: 910–14.) But the Court "does not weigh evidence, assess credibility, or resolve conflicts in testimony—that's the ALJ's job." *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 588 (6th Cir. 2019). To that end, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Here, substantial evidence supports the ALJ's decision. That ends the inquiry.

Further, none of the evidence Plaintiff points to demonstrates that he cannot have contact with others. For example, Plaintiff cites the state agency reviewers' findings that that Plaintiff was moderately limited in various areas of social interaction (ECF No. 7, PAGEID ##: 912–13), but neither state agency reviewer concluded that Plaintiff had a total inability to interact with others (ECF No. 6-3, PAGEID ##: 254, 262). He also points to his mental diagnoses, including his PTSD diagnosis, but those diagnoses, by themselves, do not establish that he cannot interact with others.

In short, the ALJ adequately considered the persuasiveness of Dr. Nalluri's opinion by comparing that opinion to other record evidence. The ALJ's discussion of that comparison built a

logical bridge between the record evidence and her conclusions about the persuasiveness of Dr. Nalluri's opinions.  Accordingly, Plaintiff has not demonstrated reversible error on this point.

## V.        CONCLUSION

In sum, substantial evidence supports the ALJ's decision denying benefits.  Based on the foregoing, it is therefore, **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED,** and that the Commissioner's decision be **AFFIRMED.**

## VI.       PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate

review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th

Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues

of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**